UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

GEORGI VASILEV PLETNYOV,
a/k/a "Andrzej Stanislaw Slusarczyk,"

NIKOLAY GEORGIEV MINCHEV,
a/k/a "Michael Pierce,"

IVAYLO VASILEV PLETNYOV,
a/k/a Floyd Beverdige,"
a/k/a Georgi Blagoev Stefanov,"

GEORGI BOYCHEV GEORGIEV,
a/k/a "Josef Vebr,"
a/k/a "Brian Behrendt,"
a/k/a "Jiří Mucha,"
a/k/a "Sašo Bizjak,"

ANTOANETA ANGELOVA GETOVA,
a/k/a "Ivelina Petkova,"
a/k/a "Ashley Paterson,"
a/k/a "Stasé Navardauskiené," and

ROMAN TEODOR
a/k/a "Doro,"

Defendants.

FILED
JAN 0 9 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

CRIMINAL NO. 08-001

FILED UNDER SEAL

## MOTION TO SEAL

The United States, by and through its undersigned attorneys, respectfully moves this Court to enter an order directing that the entire docket, including but not limited to, the Indictment returned in the above-captioned case and related paperwork, the arrest warrants (except for copies to be used by law enforcement personnel during execution of their official

duties in the investigation), this motion and the Court's order thereon be placed under seal until further order of the Court and directing the Clerk of Court to delay entering notice on the public docket of the filing of the afore-described matters until further order of the Court. In support of its motion, the United States offers the following:

Courts have inherent power to control access to papers filed with the Courts. Nixon v. Warner Communications, Inc., 435 U.S. 589, 598 (1978). Courts have traditionally been "highly deferential to the governments's determination that a given investigation requires secrecy and that warrant materials be kept under seal." Times Mirror Co. v. United States, 873 F2d 1210 (9th Cir. 1989). Therefore, courts have routinely granted government requests to seal warrant materials where there is a need for secrecy. See Post v. Robinson, 935 F.2d 282, 289 (D.C. Cir 1991).

In the instant case, there is a need for secrecy to ensure the safe apprehension of the defendants charged and to protect the ongoing investigation. The above-captioned matter arises from a long-term investigation into an international fraud scheme operating in Hungary, the Slovak Republic, the Czech Republic, Poland, and elsewhere. In the instant indictment, the defendants, who are foreign nationals, are charged with conspiracy to commit wire fraud and conspiracy to commit money laundering as a result of their participation in a scheme which victimized individuals in the United States. The United States moves to seal the indictment and other afore-described documents for two reasons. First, the United States wishes to provide law enforcement authorities, both domestic and international, with an opportunity to apprehend the defendants before the defendants become aware of the charges filed against them and avoid apprehension and/or extradition to the United States. Second, the United States needs an

opportunity to ensure the confidentiality of the investigation and the safety of its witnesses who reside domestically and abroad. In particular, because the defendants are foreign nationals with no known ties to the United States, to meet these objectives requires secrecy at this stage in the proceedings to ensure the safe apprehension and extradition of the defendants on the charges outlined in the Indictment. Accordingly, the United States respectfully requests that it be permitted to maintain the confidentiality of this on-going investigation.

**WHEREFORE,** for the foregoing reasons and any others the Court deems just and proper, the United States respectfully moves this Court to seal the Indictment in the above-captioned proceeding as well as any related paperwork, including the arrest warrants (except for copies to be used by law enforcement personnel during execution of their official duties in the investigation), this motion and the Court's order thereon and to delay entry on the public docket of the filing of the Indictment and other afore-described documents until further order of the Court.

        Respectfully submitted,

        BRUCE G. OHR, CHIEF
        Organized Crime & Racketeering Section
        Criminal Division
        U.S. Department of Justice

By: _/s/ Lisa Page_____
        LISA C. PAGE, TRIAL ATTORNEY
        Organized Crime & Racketeering Section
        Criminal Division, U.S. Department of Justice
        1301 New York Ave., NW, Ste. 700
        Washington, DC 20005
        (202) 514-5869 (Ph); (202) 616-0878 (fax)
        Lisa.Page@usdoj.gov